UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GILLIAN K. SUESS,<br><br>      Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,[1]<br>**Acting Commissioner of Social Security,**<br><br>      Defendant. | No. 11 C 4090<br><br>Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gillian K. Suess filed this action seeking review of the final decision of the Commissioner of Social Security denying her application for application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. 42 U.S.C. §§ 416, 423(d), 1381a. The parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). On May 10, 2013, pursuant to sentence four of 42 U.S.C. 405(b), the Court reversed the decision of the Administrative Law Judge (ALJ) and remanded the case to the Commissioner for further proceedings. Plaintiff's counsel now seeks to recover his attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). For the reasons set forth herein, the application for fees is granted.

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security and is substituted for her predecessor, Michael J. Astrue, as the proper defendant in this action. Fed. R. Civ. P. 25(d)(1).

## I. BACKGROUND

Plaintiff applied for DIB on July 26, 2005, alleging that she became disabled on April 30, 2002, due to panic and anxiety attacks. The Commissioner denied Plaintiff's application initially, and on reconsideration. Following a hearing, the ALJ denied Plaintiff's request for benefits, finding that she was not suffering from a disability as defined by the SSA. After the Appeals Council denied Plaintiff's request for review, she sought judicial review before this court under 42 U.S.C. 405(g).

On May 10, 2013, the Court reversed the ALJ's decision and remanded the matter to the Commissioner for further proceedings. The Court determined that the ALJ's decision was not supported by substantial evidence. The ALJ failed to properly evaluate the opinion of the treating physician and did not assess Plaintiff's credibility with due regard for the full range of medical evidence. Furthermore, the ALJ did not construct a proper logical bridge connecting the evidence and Plaintiff's residual functional capacity.

Plaintiff's counsel now moves for attorney's fees and costs under EAJA. Counsel seeks $9,554.13 for 53 hours of work on the case (51.5 hours of attorney time at $182.75 per hour and 1.5 hours of legal assistant time at $95 per hour) as well as $15.40 in costs. (Mot. ¶ 11 & Ex. C).[2]

---

[2] In his reply, Counsel supplemented his fee petition to reflect the 4.1 hours drafting the reply memorandum. (Reply 9). The Court finds these hours reasonable. Thus, Counsel seeks a total of $10,303.40 for 57.1 hours of work on the case (55.6 hours of attorney time at $182.75 per hour and 1.5 hours of legal assistant time at $95 per hour) as well as $15.40 in costs. (Id.).

## II. STANDARD OF REVIEW

EAJA provides that a district court may award attorney's fees where (1) the claimant was a "prevailing party," (2) the government's position was not "substantially justified," (3) no special circumstances make an award unjust, and (4) the claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). EAJA allows for an award of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court indicated in *INS v. Jean*, 496 U.S. 154, 161 (1990), that the district court's task of determining what fee is reasonable under EAJA is essentially the same as that described in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Under *Hensley*, the plaintiff bears the burden of providing accurate documentation and demonstrating that the fee request is reasonable. 461 U.S. at 437. Nevertheless, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensable fee." *Id.* at 435.

## III. DISCUSSION

The Commissioner does not assert that her position opposing Plaintiff's application for DIB was substantially justified. (Resp. 1). Instead, the Commissioner objects to the hourly rate sought as unjustified by the EJEA provision for cost of living adjustments. (*Id.* 3–5). The Commissioner also asserts that the number of hours expended was excessive for the complexity of the case and experience of the attorney. (*Id.* 5–6). Finally, the Commissioner opposes the direct payment of any fees to Plaintiff's attorney, arguing that direct payment would bypass the objective of

matching litigants to any debts they may owe the federal government. (*Id.* 6–10). In support of her assertions, the Commissioner makes a number of arguments, which the Court will address seriatim.

### A. Hourly Rate and Cost-of-Living Adjustments Under EAJA

EAJA prescribes a maximum rate of $125 per hour for attorney's fees. 28 U.S.C. § 2412(d)(2)(A)(ii). However, the statute allows a court to award a higher rate when "the court determines that an increase in the cost of living [since 1996, when the current version of the act was passed] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*; *accord Mathews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011). As to the cost-of-living factor, EAJA does not "create an *entitlement* to an inflation adjustment." *Mathews-Sheets*, 653 F.3d at 563. Instead, to establish a cost-of-living enhancement, "the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal services to a person seeking relief against the government." *Id.*

Here, Counsel seeks an hourly rate of $182.75 for attorney work performed on behalf of Plaintiff in this action. (Mot. ¶ 11). In support of this rate, Counsel relies on (1) the Consumer Price Index (CPI) detailing the effects of inflation on a nationwide basis from 1996 until February 2012, the month in which the majority of legal work was performed in this action; (2) the Commissioner's own increase in the maximum fee agreement limit for work performed at the administration level by 50% since 1996; (3) his affirmation that his noncontingency hourly rate has increased by

52% since 1996; (4) affidavits from six other local attorneys who charge hourly rates ranging from $165 to $550 for handling social security disability claims; and (5) his affirmation that since 1996, his office expenses, including rent, salaries, health insurance, legal research tools, continuing legal education, and office supplies, have increased significantly due to inflation. (*Id.* ¶¶ 11, 15, 16). The Commissioner has not presented any evidence in rebuttal. Moreover, other courts in the Northern District of Illinois have found that similar supporting evidence justifies an inflation adjustment to the EAJA hourly rate. *See Brent v. Astrue*, No. 11 C 964, 2012 WL 6685688, at *3 (N.D. Ill. Dec. 19, 2012) (collecting cases). Accordingly, the Court finds that Counsel's uncontradicted evidence adequately demonstrates that a cost-of-living increase from the $125 per hour statutory rate is justified.

The Commissioner also contends that the hourly rate of $182.75 is unreasonable because the majority of work was done by an attorney in East Troy, Wisconsin. (Resp. 4–5). The Commissioner argues that Counsel's evidence of increased costs of rent, health insurance, continuing legal education, and administration does not support an increased hourly fee when the vast majority of work was performed by an attorney with a separate law practice in Wisconsin. (*Id.*).

The Commissioner's contention is unpersuasive. The fact that Counsel's firm used a contract attorney to perform the majority of work in this matter, under Counsel's supervision, does not rebut Counsel's affirmation that his firm's office expenses have increased significantly since 1996. Even for attorneys who work outside of Counsel's office, administrative assistance still supports their efforts. (Reply 5).

"Thus the inflationary costs of rent increases, salary increases, postal increases, increased cost of IT services provided to the firm, impact the firm regardless of whether attorneys are associate employees, or brief writing contract attorneys." (*Id.*). Moreover, the cost to Counsel's firm of the contract attorney's services is not the relevant inquiry, and an hourly rate above the $125 statutory rate does not produce an improper windfall. *See* 28 U.S.C. § 2412(d)(2)(A) (providing that a fee award "shall be based upon prevailing market rates for the kind and quality of the services furnished"); *see also Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 587–89 (2008) (holding that under EAJA, reimbursement for paralegal time should be based on "prevailing market rates," not at the paralegal's cost to the law firm).

The Commissioner also challenges the CPI Counsel used to calculate the requested hourly rate. (Resp. 5). Counsel requests that the hourly rate be set at $182.75 based on the CPI for "All Urban Consumers" nationwide. (Mot. ¶ 11 & Ex. A). The relevant CPI index for February 2012, the month in which the majority of work in this case was performed, is 227.663. (*Id.* Ex. A). The Commissioner contends that the appropriate hourly rate is $175.64, relying on a February 2012 CPI index of 219.626 for the Chicago area. (Resp. 5). However, as long as counsel adequately justifies an increased hourly rate, both national and regional CPI data have been found sufficient in calculating EAJA fees. *See Bias v. Astrue*, No. 11 C 2247, 2013 WL 615804, at *2 n.15 (N.D. Ill. Feb. 15, 2013); *Seabron v. Astrue*, No. 11 C 1078, 2012 WL 1985681, at *4 (N.D. Ill. June 4, 2012). Counsel argues that a national CPI index is appropriate because "the Social Security system is a nationwide

system, and there are now multiple law firms which are 'national firms'—representing claimants all across the country." (Reply 8). The Commissioner has not presented a compelling argument why the regional index is the preferred measure of inflation. The Court finds that Counsel's national CPI index of 227.663 and hourly rate of $182.75 is appropriate in this case.

**B. Excessive Hours for Complexity of Representation**

The Commissioner next asserts that Counsel's request is unreasonable because the hours billed exceeds the demands of this "relatively routine Social Security disability case." (Resp. 5). "Generally, to successfully challenge the number of attorney hours requested under the EAJA, the government should do more than point to a mere disparity between the fees sought in the one case and the amount of fees awarded in other cases." *Seabron*, 2012 WL 1985681, at *2 (citing *Tchemkou v. Mukasey,* 517 F.3d 506, 511 (7th Cir. 2008)). Without reference to an objective standard or rationale, a conclusion on the reasonability of attorney's fees would be "arbitrary." *Id.*

Here, the Commissioner concludes that Counsel's time litigating this case should be reduced from over 50 hours to 35 hours (excluding the hours spent preparing the EAJA briefs). (Resp. 6). But other than concluding that 35 hours is "a much more reasonable amount of time considering the nature of arguments in this case" (*id.*), the Commissioner does not explain how she arrived at this reduction in hours. The Court may not reduce arbitrarily the number of hours requested. *See Smith v. Great Am. Restaurants, Inc.*, 969 F.2d 430, 439 (7th Cir. 1992) ("the district court may not

arbitrarily reduce the number of hours requested; if it reduces hours it should provide a concise but clear explanation") (citation omitted); *Heiar v. Crawford County*, 746 F.2d 1190, 1204 (7th Cir. 1984) ("the judge must do more than eyeball the [fee] request and if it seems excessive cut it down by an arbitrary percentage"). The Court finds the Commissioner's arguments unpersuasive.

The Commissioner first asserts that this is a "relatively routine" disability case and the issues raised by Plaintiff were "neither new nor novel." (Resp. 5). Instead, the Commissioner contends that the issues raised were ones that Counsel "raises routinely in Social Security disability cases in this district, including whether the ALJ's residual functional capacity finding was supported by substantial evidence and whether the ALJ properly assessed [Plaintiff's] credibility." (*Id.*). But as Magistrate Judge Martin observed recently, the Commissioner's reasoning is faulty:

> The difficulty in social security disability cases does not arise from the applicable principles of law or the five-step inquiry, but in the application of those principles to the facts. *See Martinez v. Astrue*, 2012 WL 1563907, at *6 (N.D. Ind. April 30, 2010) (noting "most social security cases do not present particularly complex legal issues, but that does not mean that 'providing a thorough exegesis of the record, pointing out various pieces of evidence that the administrative law judge overlooked or misrepresented, and explaining why those oversights are material to the outcome' does not take time."). The Commissioner's argument overlooks the highly fact intensive nature of social security disability cases and the required careful review of the administrative record. Each social security disability case must be decided on its own facts. *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000) (stating "[s]ocial security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail.").

*Warren v. Colvin*, No. 12 C 3298, slip op. at 2 (N.D. Ill. Aug. 1, 2013). In this case, Plaintiff raised five main issues with additional sub-issues, and the analysis of

those issues and sub-issues was both complex and fact-intensive, as reflected in the Court's 32-page opinion. Given the numerous issues raised by Plaintiff, the Court cannot conclude that Counsel's hours were unreasonable.

The Commissioner also argues that based on Counsel's "extensive experience in litigating Social Security disability cases," efficiencies should be expected in presenting arguments to the Court. (Resp. 6). Thus, the Commissioner contends that because of "the frequency with which Plaintiff's lead attorney litigates these issues—relying on the same basic legal authorities—the number of hours preparing the initial and reply briefs in this case is not reasonable." (*Id.*). The Court disagrees. Plaintiff's memorandum in support of her motion for summary judgment and her reply brief were detailed and thorough. Her memorandum was 15 pages and her reply brief was 11 pages. In her submissions, she raised numerous arguments for reversing the ALJ's RFC determination and credibility finding. And, as discussed above, it is the application of Plaintiff's unique medical evidence to the law that is time consuming. The Commissioner does not dispute the quality of the briefing or the result achieved.

### C. Direct Payment of Fees to Plaintiff's Attorney

Finally, the Commissioner objects to the direct payment of fees to Plaintiff's counsel on the grounds that doing so would bypass the Department of Treasury's centralized federal debt offset program. (Resp. 6–10). In his reply, Counsel has no objection to first determining whether Plaintiff owes a debt for which EAJA fees may be offset before making the fee award payable to Counsel. (Reply 9). According-

ly, the awarded fees shall be made payable to Plaintiff. If after entry of the award, the Commissioner can verify that Plaintiff does not owe any pre-existing debts subject to offset, the Commissioner shall direct that the award be made payable to Counsel, pursuant to the fee agreement between Counsel and Plaintiff.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Fees Under the Equal Access to Justice Act [26] is **GRANTED** in the amount of $10,303.40 plus costs in the amount of $15.40. This amount, after any applicable offset, shall be made payable to Plaintiff's counsel.

E N T E R:

Dated: September 18, 2013

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge